UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAOKE ZHANG,<br><br>Defendant. | No. CR20-169-RAJ<br><br><br>**FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Final Order of Forfeiture ("Motion") for the following property ("Subject Funds"):

1.  $10,000 in United States funds seized on June 8, 2020 from Financial Institution 4 Brokerage Account -2129, opened in the name of Baoke Zhang.

The Court, having reviewed United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Final Order of Forfeiture is appropriate because:

- The proceeds of Wire Fraud, in violation of 18 U.S.C. § 1343, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c);

- Pursuant to the Plea Agreement he entered on October 22, 2020, Defendant agreed to forfeit his interest in any property constituting or traceable to proceeds of Wire Fraud, including the above-identified Subject Funds, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c). *Id*. ¶ 13;

- On May 4, 2021, the Court entered a Preliminary Order of Forfeiture finding the Subject Funds, and a sum of money in the amount of $6,500 reflecting additional proceeds Defendant obtained as a result of his commission of the offense, forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and forfeiting Defendant's interest in the property. *See* Dkt. No. 48. In addition, the Court determined that the sum of money in the amount of $6,500 is personal to the Defendant, and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it. *Id*. at 2;

- Thereafter, the United States published notice of the pending forfeiture of the Subject Funds as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), Dkt. No. 54, and provided direct notice to a potential claimant as required by Fed. R. Crim. P. 32.2(b)(6)(A). Declaration of AUSA Jehiel I. Baer in Support of Motion for Entry of a Final Order of Forfeiture ¶ 2, Exhibit A); and,

- The time for filing third-party claims has expired, and none were filed.

NOW, THEREFORE, THE COURT ORDERS:

1.      No right, title, or interest in the Subject Funds exists in any party other than the United States;

2.      The Subject Funds are fully and finally condemned and forfeited, in their entirety, to the United States; and,

FINAL ORDER OF FORFEITURE - 2
*United States v. Baoke Zhang,* CR20-169-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    3.    The United States Department of Justice, and/or its representatives, is

2    authorized to dispose of the Subject Funds as permitted by governing law.

3

4    IT IS SO ORDERED.

5

6    DATED this 22nd day of November, 2021.

7

8

9    _____

10   THE HON. RICHARD A. JONES
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL ORDER OF FORFEITURE - 3
*United States v. Baoke Zhang,* CR20-169-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970